Howard T. Hogan, J.
In this condemnation proceeding the respondent, 599 Middle Neck Road, Inc., seeks an order pursuant to section 318-c of the Village Law directing the petitioner to serve and file a notice of trial and note of issue; and an order pursuant to chapter 1161 of the Laws of 1971, directing the petitioner to pay to it the amount of petitioner’s offer, namely, $50,000, together with interest thereon from the date of title *263 vesting. The respondent also seeks repayment of the pro rata portion of real property taxes paid by it and allocable to the period subsequent to the vesting of title in the village.
Since the petitioner has served and filed a note of issue simultaneously with its answer herein, the respondent’s prayer for relief pursuant to section 318-c of the Village Law is moot and must be denied.
With respect to respondent’s demand for an advance payment, the petitioner only opposes the request for payment of interest on said sum from the vesting date. Petitioner contends that chapter 1161 of the Laws of 1971 contains no authority for such interest payment to be made at the time of payment of the advance. It further contends that the general authority for the making of an advance payment by a village (Village Law, § 321-b) also contains no provision for the payment of interest at the time the advance is paid. The court cannot agree with this contention.
Section 321-b sets forth the procedures to be followed by a village in the making of an advance payment including the mechanics of payment thereof and the computation of interest. This section provides that upon final payment of the award, the treasurer shall deduct from the total amount allowed as compensation the amount of the advance plus interest thereon from the date of payment of such advance to the date of the final decree.
Thus, the section recognized the cut off of interest on the amount of the advance after its payment and impliedly recognizes the payment of interest on the advance from the date of title vesting to the date of its payment.
It would be unconscionable to permit the computation of interest on the amount of the advance payment but allow the village to "withhold such interest until the final decree. The realities of the market place when money is needed do not favor the individual over the municipality. The converse is the rule.
Notwithstanding petitioner’s contention, section 320 of the Village Law does not prevent the payment of interest on an advance payment at the time the advance is made. Chapter 1161 of the Laws of 1971 increases the amount of the advance payment from the 60% contained in section 321-b to the full amount of the condemnor’s estimate of the value of the damages and makes mandatory the payment thereof. This statute in no way changes the obligation of the village to pay interest on the amount of the advance from the vesting date to the date of payment.
Insofar as the real estate taxes paid by the respondent are concerned, section 74-a of the General Municipal Law provides *264 that the pro rata portion of said taxes allocable to the period subsequent to the date of vesting of title in the village shall be included in a final decree in the condemnation proceeding. There is no authority for payment of these sums at this time which is undoubtedly a legislative oversight and calls for remedial legislation.
Accordingly, respondent’s motion is granted to the extent of requiring the petitioner to offer and to pay an advance together with interest thereon from the date of vesting of title to the date of payment thereof. In all other respects, the motion is denied.